All right, next case on the docket is People v. Maxfield, number 5-10-236. And Ms. McCormick, you've run off the opposition. You're the only one here, so we'll hear what you have to say. Your Honors, this is the appeal of a six-year extended sentence to the Department of Corrections for aggravated battery of Harley Miller. The standard is an abuse of discretion standard. The defendant points to no improper factors that the court considered below, and he points to nothing that the court should have considered that the court failed to consider. All he really asked this court to do is to re-weigh the mitigating factors that the court did weigh below and asked this court to give them more weight than he thinks the court gave to those factors below, something that a reviewing court will not do. Of the factors, though, that the court, that he does identify, they're not meritorious. He first points out that he made a plea of guilty. It was an open plea. This fact probably doesn't weigh much toward mitigation because the crime itself, there's a video recording of it since it took place in a jail, and the assault, the aggravated battery took place, and it's entirely on film, although there is no audio portion. So the fact that he pled guilty just is nothing more than a recognition that the evidence against him was overwhelming. Did the trial court articulate that they had considered any mitigating factors, or did they say there were no mitigating factors? No, the court explicitly considered some of these factors, yes, although, you know, the court isn't required to write down unless, right, okay, but they, okay, then he goes on and he says that he showed remorse for his actions, but the remorse that the defendant indicated is not remorse at all, and I want to read his statement because it's important, and I don't want to get it wrong. Your Honor, I made a mistake by putting my hands on this kid, and I know, and I regret it because it took me away from my family for Christmas. I got to miss my little girl's first Christmas, the first everything, and I made a mistake. This is not an expression of remorse for causing harm to the victim. This is simply a statement of, oops, I got caught, and I got to miss things, and there's no remorse in this case. But he used the words, I put my hands on this kid. Right. I watched the video. He did a little bit more than put his hands on the kid. Yes, yes, indeed, he did. He did. So, I mean, that wasn't entitled to more weight than the court apparently gave it, that he had family ties. The court mentioned that it was going to cause a hardship on the man's family. He had a wife and three children. He cites his employment with T&T Tree Service, but they were never able to verify that he ever worked for T&T Tree Service. He claimed that he was pursuing getting his GED, but in the six years of pre-sentence investigation reports that are in the record, it shows that he has made no effort in six years toward getting that. All he's doing is saying, I'm going to, I'm going to, but he never has made an effort. What's in the record that supports your claim that he boasted of his actions to his inmates? And this occurred in, was it jail or prison? I couldn't tell what it was. Was it a jail? You know, your honors, I'm arguing, it is in a jail prison type setting in the court makes comments on the record that the video shows after he has committed the crime and after he's had a, I guess there's a pause, a time to cool down, that he walks up a flight of stairs and down a flight of stairs in the view, I guess, of other inmates or prisoners, and he pantomimes what he did to the victim. And so the court sees his demeanor as, because there's no audio, the court gives this, interprets this as him being proud of what he's done to the victim. So that happens afterwards. And of course the court did consider his youth. He was around 22, 23. But the defendant gives short shrift, which is to the seriousness of the crime itself, which is, as you've noted, the victim was extremely injured. He had a fractured left orbital and he had bruises and swelling. But, and the seriousness of the crime is entitled to more weight than all of these other mitigating factors. And the court was, if the court did this below, the court was correct to give the seriousness of the crime more weight. He, he has an extreme, well, an impressive criminal history. At 16, he had two felony, two felony burglary convictions. After that, as an adult, he has a pass forward conviction for possession of a controlled substance, a class four conviction for retail theft, a class three conviction for theft, and a class three conviction for identity theft. And he's never been able to successfully complete any term of probation. He, his, the manner in which he, the manner in which he committed the crime was long and it was protracted. And the victim never strikes back. The victim tries to put objects between himself and the defendant. He tries to crawl away or scoot away. And so the manner in which he's, he commits the crime is senseless, needless. He's just a, completely an attacker. And it's protracted, it goes on for some time. And then there's also the fact that he, he appears to be proud of what he did. He appears to be boasting of it to the rest of the inmates. All these things show that he has a limited potential for rehabilitation. So for all these reasons, the sentence the court imposed is not in use of discretion. Thank you for your brief argument. We'll take this matter under advisement and issue a decision in due course. We'll take a recess and be back at 10 o'clock.